**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MILO D. BURROUGHS,
                    Appellant,

            v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DA-4324-12-0105-B-1

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Milo D. Burroughs, Yelm, Washington, pro se.

Kenneth M. Muir, Esquire, Corpus Christi, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    In November 2011, the appellant filed an appeal claiming that the agency discriminated and retaliated against him in violation of USERRA when it failed to select him for a Lead Aerospace Engineer position. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶¶ 2, 6-7 (2013). The administrative judge denied the appellant's request for corrective action, finding that he failed to show by preponderant evidence that his uniformed service was a motivating factor in the nonselection. *Id.*, ¶ 3. In an Opinion and Order dated December 5, 2013, the Board affirmed the administrative judge's finding that he failed to establish his USERRA discrimination claim. *Id.*, ¶ 6. The Board remanded the appeal, however, for consideration of the appellant's USERRA retaliation claim, which it found the administrative judge did not address. *Id.*, ¶¶ 7-8.

¶3    After affording the parties an opportunity to submit evidence and argument concerning the retaliation claim, Remand Appeal File (RAF), Tab 16, the administrative judge issued a remand initial decision based on the written record

denying the appellant's request for corrective action, RAF, Tab 18, Remand Initial Decision (RID).[2]   Specifically, the administrative judge found that the appellant did not show that his protected activity was a substantial or motivating factor in the nonselection.  RID at 3-4.

¶4      The appellant has filed a petition for review.  Remand Petition for Review (RPFR) File, Tab 1.  The agency has filed a response in opposition, RPFR File, Tab 3, to which the appellant has replied, RPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      On review, the appellant argues that he submitted an affidavit below that proved his USERRA retaliation claim and that, because the agency failed to submit any evidence to rebut his sworn assertions, the administrative judge erred in finding that he failed to prove his claim by preponderant evidence.  RPFR File, Tab 1 at 2.

¶6      As the administrative judge properly set forth, if an appellant engages in one or more forms of protected activity set forth in 38 U.S.C. § 4311(b), an agency violates that section if the appellant's protected activity is a substantial or motivating factor in the agency's action, unless the agency can prove that it would have taken the action in the absence of the appellant's protected activity. RID at 1-2; *see Burroughs*, 120 M.S.P.R. 392, ¶ 7.  In his affidavit, the appellant restated the requirements to establish a USERRA retaliation claim as set forth by the administrative judge and repeatedly asserted that he had never been recognized as a "person" under the law.  RAF, Tab 13.  Contrary to his allegations, however, the appellant failed to provide any explanation or evidence to support a finding that the agency's failure to select him for the Lead Aerospace Engineer position was a violation of section 4311(b).  RID at 3; RAF, Tab 13. Under these circumstances, the administrative judge properly found that the appellant failed to meet his burden of showing that his protected activity was a

---

[2] The appellant withdrew his initial request for a hearing.  RAF, Tab 16.

substantial or motivating factor in his nonselection. RID at 3-4. Consequently, the agency's burden to show that it would not have selected the appellant for the position notwithstanding his protected activity was never triggered. *Burroughs*, 120 M.S.P.R. 392, ¶ 7.

¶7 The appellant also argues that the administrative judge failed to address his whistleblower retaliation claim on remand. RPFR File, Tab 1 at 2-3. However, the Board noted in its Opinion and Order that any such claim was precluded in the present appeal because the appellant did not object to the administrative judge's ruling that the only issue under consideration in the appeal was his USERRA claim. *Burroughs*, 120 M.S.P.R. 392, ¶ 9. Therefore, if the appellant wishes to pursue a claim of whistleblower retaliation concerning his nonselection—as opposed to a retaliation claim under USERRA, which is at issue in the present appeal—he may do so by filing a new appeal with the regional office. *Id.*

¶8 The appellant also appears to allege that the agency violated his veterans' preference rights when it failed to select him for the Lead Aerospace Engineer position. RPFR File, Tab 1 at 4. As the Board previously found, however, the only issue for consideration in the present appeal is the appellant's USERRA claim. *Burroughs*, 120 M.S.P.R. 392, ¶ 9. Therefore, to the extent the appellant wishes to pursue a claim concerning a violation of his veterans' preference rights in connection with this nonselection, he may do so by filing a new appeal with the regional office. *See id.*

¶9 Lastly, the appellant attaches alleged new evidence in an apparent effort to show that the agency's failure to select him for the Lead Aerospace Engineer position was criminal. RPFR File, Tab 1 at 6-42. The alleged new evidence, however, is contained in the record below. MSPB Docket No. DA-4323-12-0105-I-1, Initial Appeal File, Tab 43. Accordingly, it is not new and we need not consider it. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.